1  Thiago M. Coelho, SBN 324715
thiago@wilshirelawfirm.com
2  Binyamin I. Manoucheri, SBN 336468
binyamin@wilshirelawfirm.com
3  Jasmine Behroozan, SBN 325761
jasmine@wilshirelawfirm.com
4  **WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
5  Los Angeles, California 90010
Telephone: (213) 381-9988
6  Facsimile: (213) 381-9989
7
*Attorneys for Plaintiff and Proposed Class*
8

9              **UNITED STATES DISTRICT COURT**

10       **FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 11  VIVIAN SALAZAR, individually and on behalf of all others similarly situated, | CASE NO.: |
| 12                      Plaintiff, | **CLASS ACTION COMPLAINT** |
| 13          v. | 1.  VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 |
| 14  AE OUTFITTERS RETAIL CO., a Delaware Corporation; and DOES 1 to 10, inclusive, | 2.  VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT |
| 15 | **DEMAND FOR JURY TRIAL** |
| 16 | |
| 17                      Defendants. | |

18

19        Plaintiff Vivian Salazar ("Plaintiff"), individually and on behalf of all others similarly

20  situated, brings this action based upon personal knowledge as to herself and her own acts, and as

21  to all other matters upon information and belief, based upon, *inter alia*, the investigations of her

22  attorneys.

23                      **NATURE OF THE ACTION**

24        1.      Plaintiff is a visually impaired and legally blind individual who requires screen-

25  reading software to read website content using her computer.  Plaintiff uses the terms "blind" or

26  "visually-impaired" to refer to all people with visual impairments who meet the legal definition

27  of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200.

28  Some blind people who meet this definition have limited vision.  Others have no vision.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1

1    2.    Plaintiff, individually and on behalf of those similarly situated persons (hereafter

2  "Class Members"), brings this Class Action to secure redress against AE Outfitters Retail Co.

3  (hereafter "Defendant"), and DOES 1-10, for its failure to design, construct, maintain, and operate

4  its website to be fully and equally accessible to and independently usable by Plaintiff and other

5  blind or visually impaired people.  Defendant's denial of full and equal access to its website, and

6  therefore denial of its products and services offered thereby and in conjunction with its physical

7  locations, is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA")

8  and California's Unruh Civil Rights Act ("UCRA").

9    3.    Because Defendant's website, https://www.ae.com/ (the "website" or

10  "Defendant's website"), is not fully or equally accessible to blind and visually impaired

11  consumers in violation of the ADA, Plaintiff seeks a permanent injunction to cause a change in

12  Defendant's corporate policies, practices, and procedures so that Defendant's website will

13  become and remain accessible to blind and visually impaired consumers.

## THE PARTIES

15    4.    Plaintiff, at all times relevant and as alleged herein, is a resident of the County of

16  Sacramento.  Plaintiff is a legally blind, visually impaired, handicapped person, and a member of

17  a protected class of individuals under the ADA, pursuant to 42 U.S.C. § 12102(1)-(2), and the

18  regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

19    5.    Defendant is an Delaware corporation with its headquarters in Columbus, Ohio.

20  Defendant's servers for the website are in the United States.  Defendant conducts a large amount

21  of its business in California and the United States as a whole.  Defendant's stores constitute places

22  of public accommodation.  Defendant's stores provide to the public important goods and services.

23  Defendant's website provides consumers access to "high-quality, on-trend clothing, accessories

24  and personal care products at affordable prices."  Consumers can access information regarding

25  Defendant's new-arrived products, women's products, men's products, jeans, shoes, accessories,

26  swimsuits, Defendant's Aerie brand, and clearance products. Consumers can further access

27  information regarding gift cards, Defendant's rewards program, Defendant's credit card,

28  Defendant's mobile app, Defendant's blog, same-day delivery, Defendant's store locations, order

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1    tracking, Defendant's email & text lists, free two-day shipping, Defendant's GiftNow program,

2    Defendant's Give Back Box program, Defendant's biography, investor information, career

3    opportunities, return policy, and Defendant's social media webpages.

4        6.    Plaintiff is unaware of the true names, identities, and capacities of each Defendant

5    sued herein as DOES 1 to 10.  Plaintiff will seek leave to amend this complaint to allege the true

6    names and capacities of DOES 1 to 10 if and when ascertained.  Plaintiff is informed and believes,

7    and thereupon alleges, that each Defendant sued herein as a DOE is legally responsible in some

8    manner for the events and happenings alleged herein and that each Defendant sued herein as a

9    DOE proximately caused injuries and damages to Plaintiff as set forth below.

10        7.    Defendant's stores are public accommodations within the definition of Title III of

11   the ADA, 42 U.S.C. § 12181(7).

12        8.    The website, https://www.ae.com/, is a service, privilege, or advantage of

13   Defendant's services, products, and locations.

**JURISDICTION AND VENUE**

15        9.    This Court has subject matter jurisdiction over the state law claims alleged in this

16   Complaint pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2)(A) because: (a) the

17   matter in controversy exceeds the sum of $5 million, exclusive of interest and costs; and (b) some

18   of the class members are citizens of a state (California), which is minimally diverse from

19   Defendant's states of citizenship (Delaware and Ohio).

20        10.    Defendant is subject to personal jurisdiction in this District.  Defendant has been

21   and continues to commit the acts or omissions alleged herein in the Eastern District of California,

22   that caused injury, and violated rights prescribed by the ADA and UCRA, to Plaintiff and to other

23   blind and other visually impaired consumers.  A substantial part of the acts and omissions giving

24   rise to Plaintiff's claims occurred in the Eastern District of California.  Specifically, on several

25   separate occasions, Plaintiff has been denied the full use and enjoyment of the facilities, goods,

26   and services of Defendant's website in Sacramento County.  The access barriers Plaintiff has

27   encountered on Defendant's website have caused a denial of Plaintiff's full and equal access

28   multiple times in the past and now deter Plaintiff on a regular basis from accessing Defendant's

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1  website.  Similarly, the access barriers Plaintiff has encountered on Defendant's website have

2  impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-

3  and-mortar locations.

4        11.    This Court also has subject-matter jurisdiction over this action pursuant to 28

5  U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42

6  U.S.C. § 12181, *et seq.*, and 28 U.S.C. § 1332.

7        12.    This Court has personal jurisdiction over Defendant because it conducts and

8  continues to conduct a substantial and significant amount of business in the State of California,

9  County of Sacramento, and because Defendant's offending website is available across California.

10        13.    Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391

11  because Plaintiff resides in this District, Defendant conducts and continues to conduct a

12  substantial and significant amount of business in this District, Defendant is subject to personal

13  jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred

14  in this District.

15        **THE AMERICANS WITH DISABILITIES ACT AND THE INTERNET**

16        14.    The Internet has become a significant source of information, a portal, and a tool

17  for conducting business, doing everyday activities such as shopping, learning, banking,

18  researching, as well as many other activities for sighted, blind, and visually impaired persons

19  alike.

20        15.    In today's tech-savvy world, blind and visually impaired people have the ability to

21  access websites using keyboards in conjunction with screen access software that vocalizes the

22  visual information found on a computer screen.  This technology is known as screen-reading

23  software.  Screen-reading software is currently the only method a blind or visually impaired

24  person may use to independently access the internet.  Unless websites are designed to be read by

25  screen-reading software, blind and visually impaired persons are unable to fully access websites,

26  and the information, products, and services contained thereon.

27        16.    Blind and visually impaired users of Windows operating system-enabled

28  computers and devices have several screen-reading software programs available to them.  Some

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1  of these programs are available for purchase and other programs are available without the user

2  having to purchase the program separately. Job Access With Speech, otherwise known as

3  "JAWS," is currently the most popular, separately purchased and downloaded screen-reading

4  software program available for a Windows computer.

5        17.     For screen-reading software to function, the information on a website must be

6  capable of being rendered into text.  If the website content is not capable of being rendered into

7  text, the blind or visually impaired user is unable to access the same content available to sighted

8  users.

9        18.     The international website standards organization, the World Wide Web

10  Consortium, known throughout the world as W3C, has published Success Criteria for version 2.1

11  of the Web Content Accessibility Guidelines ("WCAG 2.1" hereinafter). WCAG 2.1 are well-

12  established guidelines for making websites accessible to blind and visually impaired people.

13  These guidelines are adopted, implemented, and followed by most large business entities who

14  want to ensure their websites are accessible to users of screen-reading software programs.

15  Though WCAG 2.1 has not been formally adopted as the standard for making websites accessible,

16  it is one of, if not the most, valuable resource for companies to operate, maintain, and provide a

17  website that is accessible under the ADA to the public.

18        19.     Within this context, the Ninth Circuit has recognized the viability of ADA claims

19  against commercial website owners/operators with regard to the accessibility of such websites.

20  *Robles v. Domino's Pizza, LLC*, Docket No. 17-55504 (9th Cir. Apr. 13, 2017), Court Docket No.

21  BL-66.  This is in addition to the numerous courts that have already recognized such application.

22        20.     Each of Defendant's violations of the Americans with Disabilities Act is likewise

23  a violation of the Unruh Civil Rights Act.  Indeed, the Unruh Civil Rights Act provides that any

24  violation of the ADA constitutes a violation of the Unruh Civil Rights Act.  Cal. Civ. Code §

25  51(f).

26        21.     Further, Defendant's actions and inactions denied Plaintiff full and equal access to

27  their accommodations, facilities, and services.  A substantial motivating reason for Defendant to

28  deny Plaintiff access was the perception of Plaintiff's disability.  Defendant's denial of Plaintiff's

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    accessibility was a substantial motivating reason for Defendant's conduct.  Plaintiff was harmed

2    due to Defendant's conduct.  Defendant's actions and inactions were a substantial factor in

3    causing the lack of access to Plaintiff.  Unruh Civil Rights Act, Cal. Civ. Code § 51.

4         22.    Inaccessible or otherwise non-compliant websites pose significant access barriers

5    to blind and visually impaired persons.  Common barriers encountered by blind and visually

6    impaired persons include, but are not limited to, the following:

7         a.  A text equivalent for every non-text element is not provided;

8         b.  Title frames with text are not provided for identification and navigation;

9         c.  Equivalent text is not provided when using scripts;

10        d.  Forms with the same information and functionality as for sighted persons are

11            not provided;

12        e.  Information about the meaning and structure of content is not conveyed by

13            more than the visual presentation of content;

14        f.  Text cannot be resized without assistive technology up to 200 percent without

15            loss of content or functionality;

16        g.  If the content enforces a time limit, the user is not able to extend, adjust or

17            disable it;

18        h.  Web pages do not have titles that describe the topic or purpose;

19        i.  The purpose of each link cannot be determined from the link text alone or from

20            the link text and its programmatically determined link context;

21        j.  One or more keyboard operable user interface lacks a mode of operation where

22            the keyboard focus indicator is discernible;

23        k.  The default human language of each web page cannot be programmatically

24            determined;

25        l.  When a component receives focus, it may initiate a change in context;

26        m. Changing the setting of a user interface component may automatically cause a

27            change of context where the user has not been advised before using the

28            component;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

2    n.  Labels or instructions are not provided when content requires user input;

3    o.  In content which is implemented by using markup languages, elements do not

4       have complete start and end tags, elements are not nested according to their

5       specifications, elements may contain duplicate attributes and/or any IDs are

6       not unique;

    p.  Inaccessible Portable Document Format (PDFs); and

7    q.  The name and role of all User Interface elements cannot be programmatically

8       determined; items that can be set by the user cannot be programmatically set;

9       and/or notification of changes to these items is not available to user agents,

10      including assistive technology.

11                          **FACTUAL BACKGROUND**

12      23.     Defendant offers the https://www.ae.com/ website to the public.  The website

13  offers features which should allow all consumers to access the goods and services which

14  Defendant offers in connection with its physical locations.  The goods and services offered by

15  Defendant include, but are not limited to, the following: apparel such as tops, bottoms, dresses,

16  skirts, loungewear, pajamas, jackets, bras, bralettes, underwear, swimwear, socks, and

17  activewear; jeans such as mom jeans, jeggings, high waisted jeans, curvy jeans, 90s jeans, flare

18  jeans, loose fit jeans, skinny jeans, tomgirl jeans, bootcut jeans, boyfriend jeans, jogger jeans,

19  cropped jeans, and overalls; footwear such as boots, sneakers, sandals, clogs, slippers, flip flops,

20  flats, mules, heels, wedges, slippers, casual shoes, slide sandals, and socks; accessories such as

21  hats, belts, bags, jewelry, hair accessories, sunglasses, perfume, home products, toys, board

22  games, tech products, and pet products.  Furthermore, Defendant's website allows consumers to

23  access information regarding gift cards, Defendant's rewards program, Defendant's credit card,

24  Defendant's mobile app, Defendant's blog, same-day delivery, Defendant's store locations, order

25  tracking, Defendant's email & text lists, free two-day shipping, Defendant's GiftNow program,

26  Defendant's Give Back Box program, Defendant's biography, investor information, career

27  opportunities, return policy, and Defendant's social media webpages.

28      24.     Based on information and belief, it is Defendant's policy and practice to deny

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    Plaintiff and Class Members, along with other blind or visually impaired users, access to

2    Defendant's website, and to therefore specifically deny the goods and services that are offered

3    and integrated within Defendant's stores.  Due to Defendant's failure and refusal to remove access

4    barriers on its website, Plaintiff and other visually impaired persons have been and are still being

5    denied equal and full access to Defendant's stores and the numerous goods, services, and benefits

6    offered to the public through Defendant's website.

**DEFENDANT'S BARRIERS ON UNRUH CIVIL RIGHTS ACT, CAL. CIV. CODE §**

**51(f) DENY PLAINTIFF AND CLASS MEMBERS ACCESS**

9        25.    Plaintiff is a visually impaired and legally blind person, who cannot use a computer

10   without the assistance of screen-reading software.  However, Plaintiff is a proficient user of the

11   JAWS or NV ACCESS screen-reader(s) as well as Mac's VoiceOver and uses it to access the

12   internet.  Plaintiff has visited https://www.ae.com/ on several separate occasions using the JAWS

13   and/or VoiceOver screen-readers.

14       26.    During Plaintiff's numerous visits to Defendant's website, Plaintiff encountered

15   multiple access barriers which denied Plaintiff full and equal access to the facilities, goods, and

16   services offered to the public and made available to the public on Defendant's website.  Due to

17   the widespread access barriers Plaintiff and Class Members encountered on Defendant's website,

18   Plaintiff and Class Members have been deterred, on a regular basis, from accessing Defendant's

19   website.  Similarly, the access barriers Plaintiff has encountered on Defendant's website have

20   deterred Plaintiff and Class Members from visiting Defendant's physical locations.

21       27.    While attempting to navigate Defendant's website, Plaintiff and Class Members

22   encountered multiple accessibility barriers for blind or visually impaired people that include, but

23   are not limited to, the following:

24           a.    Lack of Alternative Text ("alt-text"), or a text equivalent.  Alt-text is invisible

25                 code embedded beneath a graphic or image on a website that is read to a user

26                 by a screen-reader.  For graphics or images to be fully accessible for screen-

27                 reader users, it requires that alt-text be coded with each graphic or image so

28                 that screen-reading software can speak the alt-text to describe the graphic or

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

8

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

image where a sighted user would just see the graphic or image.  Alt-text does not change the visual presentation, but instead a text box shows when the cursor hovers over the graphic or image.  The lack of alt-text on graphics and images prevents screen-readers from accurately vocalizing a description of the image or graphic.  As a result, Plaintiff and Class Members, who are blind and visually impaired customers, are unable to access "high-quality, on-trend clothing, accessories and personal care products at affordable prices."  Plaintiff and Class Members are also unable to determine what clothing, beauty, and home goods are available for purchase or browse products for purchase. Plaintiff and Class Members are further unable to access information regarding Defendant's new-arrived products, women's products, men's products, jeans, shoes & accessories, swimsuits, Defendant's Aerie brand, and products on clearance.  Plaintiff and Class Members are also unable to access information regarding gift cards, Defendant's rewards program, Defendant's credit card, Defendant's mobile app, Defendant's blog, same-day delivery, Defendant's store locations, order tracking, Defendant's email & text lists, free two-day shipping, Defendant's GiftNow program, Defendant's Give Back Box program, Defendant's biography, investor information, career opportunities, return policy, Defendant's social media webpages, or complete any purchases;

b. Empty Links that contain No Text causing the function or purpose of the link to not be presented to the user.  This can introduce confusion for keyboard and screen-reader users;

c. Redundant Links where adjacent links go to the same URL address which results in additional navigation and repetition for keyboard and screen-reader users; and

d. Linked Images missing alt-text, which causes problems if an image within a link does not contain any descriptive text and that image does not have alt-text. A screen reader then has no content to present the user as to the function of the

9

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

link, including information or links for and contained in PDFs.

28.    Recently in 2021, Plaintiff attempted to do business with Defendant on Defendant's website and Plaintiff encountered barriers to access on Defendant's website. Plaintiff has visited prior iterations of the website, https://www.ae.com/, and also encountered barriers to access on Defendant's website.

29.    Despite past and recent attempts to do business with Defendant on its website, the numerous access barriers contained on the website and encountered by Plaintiff, have denied Plaintiff full and equal access to Defendant's website.  Plaintiff and Class Members, as a result of the barriers on Defendant's website, continue to be deterred on a regular basis from accessing Defendant's website.  Likewise, based on the numerous access barriers Plaintiff and Class Members have been deterred and impeded from the full and equal enjoyment of goods and services offered in Defendant's stores and from making purchases at such physical locations.

## DEFENDANT MUST REMOVE BARRIERS TO ITS WEBSITE

30.    Due to the inaccessibility of the Defendant's website, blind and visually impaired customers such as Plaintiff, who need screen-readers, cannot fully and equally use or enjoy the facilities and services Defendant offers to the public on its website.  The access barriers Plaintiff has encountered have caused a denial of Plaintiff's full and equal access in the past and now deter Plaintiff on a regular basis from accessing the website.

31.    These access barriers on Defendant's website have deterred Plaintiff from visiting Defendant's physical locations and enjoying them equal to sighted individuals because: Plaintiff was unable to find the locations and hours of operation of Defendant's stores on its website, preventing Plaintiff from visiting the locations to view and purchase products and/or services. Plaintiff and Class Members intend to visit the Defendant's locations in the near future if Plaintiff and Class Members could access Defendant's website.

32.    If the website were equally accessible to all, Plaintiff and Class Members could independently navigate the website and complete a desired transaction, as sighted individuals do.

33.    Plaintiff, through Plaintiff's attempts to use the website, has actual knowledge of the access barriers that make these services inaccessible and independently unusable by blind and

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    visually impaired people.

2        34.    Because simple compliance with WCAG 2.1 would provide Plaintiff and Class

3    Members who are visually-impaired consumers with equal access to the website, Plaintiff and

4    Class Members allege that Defendant engaged in acts of intentional discrimination, including, but

5    not limited to, the following policies or practices: constructing and maintaining a website that is

6    inaccessible to visually-impaired individuals, including Plaintiff and Class Members; failing to

7    construct and maintain a website that is sufficiently intuitive so as to be equally accessible to

8    visually-impaired individuals, including Plaintiff and Class Members; and failing to take actions

9    to correct these access barriers in the face of substantial harm and discrimination to blind and

10   visually-impaired consumers, such as Plaintiff and Class Members, as a member of a protected

11   class.

12       35.    The Defendant uses standards, criteria or methods of administration that have the

13   effect of discriminating or perpetuating the discrimination against others, as alleged herein.

14       36.    The ADA expressly contemplates the injunctive relief that Plaintiff

15   seeks in this action.  In relevant part, the ADA requires:

16       In the case of violations of … this title, injunctive relief shall include an order to
         alter facilities to make such facilities readily accessible to and usable by
17       individuals with disabilities …. Where appropriate, injunctive relief shall also
         include requiring the … modification of a policy ….  42 U.S.C. § 12188(a)(2).
18

19       37.    Because Defendant's website has never been equally accessible, and because

20   Defendant lacks a corporate policy that is reasonably calculated to cause the Defendant's website

21   to become and remain accessible, Plaintiff invokes 42 U.S.C. § 12188(a)(2) and seeks a

22   permanent injunction requiring the Defendant to retain a qualified consultant acceptable to

23   Plaintiff to assist Defendant to comply with WCAG 2.1 guidelines for Defendant's website.  The

24   website must be accessible for individuals with disabilities who use desktop computers, laptops,

25   tablets, and smartphones.  Plaintiff and Class Members seek that this permanent injunction require

26   Defendant to cooperate with the agreed-upon consultant to: train Defendant's employees and

27   agents who develop the website on accessibility compliance under the WCAG 2.1 guidelines;

28   regularly check the accessibility of the website under the WCAG 2.1 guidelines; regularly test

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1  user accessibility by blind or vision-impaired persons to ensure that the Defendant's website

2  complies under the WCAG 2.1 guidelines; and develop an accessibility policy that is clearly

3  disclosed on the Defendant's website, with contact information for users to report accessibility-

4  related problems and require that any third-party vendors who participate on the Defendant's

5  website to be fully accessible to the disabled by conforming with WCAG 2.1.

6      38.    If Defendant's website were accessible, Plaintiff and Class Members could

7  independently access information about locations, hours, services offered, and goods available

8  for online purchase.

9      39.    Although Defendant may currently have centralized policies regarding

10  maintaining and operating Defendant's website, Defendant lacks a plan and policy reasonably

11  calculated to make Defendant's website fully and equally accessible to, and independently usable

12  by, blind and other visually impaired consumers.

13      40.    Defendant has, upon information and belief, invested substantial sums in

14  developing and maintaining Defendant's website, and Defendant has generated significant

15  revenue from Defendant's website.  These amounts are far greater than the associated cost of

16  making Defendant's website equally accessible to visually impaired customers.

17      41.    Without injunctive relief, Plaintiff and Class Members will continue to be unable

18  to independently use Defendant's website, violating their rights.

19                          **CLASS ACTION ALLEGATIONS**

20      42.    Plaintiff, on behalf of herself and all others similarly situated, seeks to certify a

21  nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2), the Nationwide class is initially defined

22  as follows:

23      all legally blind individuals who have attempted to access Defendant's website by
24      the use of a screen reading software during the applicable limitations period up to
        and including final judgment in this action.

25      43.    The California class is initially defined as follows:

26
27      all legally blind individuals in the State of California who have attempted to access
        Defendant's website by the use of a screen reading software during the applicable
        limitations period up to and including final judgment in this action.
28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1    44.    Excluded from each of the above Classes is Defendant, including any entity in

2  which Defendant has a controlling interest, is a parent or subsidiary, or which is controlled by

3  Defendant, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors,

4  successors, and assigns of Defendant.  Also excluded are the judge and the court personnel in this

5  case and any members of their immediate families.  Plaintiff reserves the right to amend the Class

6  definitions if discovery and further investigation reveal that the Classes should be expanded or

7  otherwise modified.

8    45.    *Numerosity*: Fed. R. Civ. P. 23(a)(1).  This action has been brought and may

9  properly be maintained as a class action against Defendant under Rules 23(b)(1)(B) and 23(b)(3)

10  of the Federal Rules of Civil Procedure.  While the exact number and identities of other Class

11  Members are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are

12  hundreds of thousands of Members in the Class.  Based on the number of customers who have

13  visited Defendant's California stores, it is estimated that the Class is composed of more than

14  10,000 persons.  Furthermore, even if subclasses need to be created for these consumers, it is

15  estimated that each subclass would have thousands of Members.  The Members of the Class are

16  so numerous that joinder of all Members is impracticable and the disposition of their claims in a

17  class action rather than in individual actions will benefit the parties and the courts.

18    46.    *Typicality*: Plaintiff and Class Members' claims are typical of the claims of the

19  Members of the Class as all Members of the Class are similarly affected by Defendant's wrongful

20  conduct, as detailed herein.

21    47.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Members

22  of the Class in that they have no interests antagonistic to those of the other Members of the Class.

23  Plaintiff has retained experienced and competent counsel.

24    48.    *Superiority*: A class action is superior to other available methods for the fair and

25  efficient adjudication of this controversy.  Since the damages sustained by individual Class

26  Members may be relatively small, the expense and burden of individual litigation makes it

27  impracticable for the Members of the Class to individually seek redress for the wrongful conduct

28  alleged herein.  Furthermore, the adjudication of this controversy through a class action will avoid

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1    the potentially inconsistent and conflicting adjudications of the claims asserted herein.  There will

2    be no difficulty in the management of this action as a class action.  If Class treatment of these

3    claims were not available, Defendant would likely unfairly receive thousands of dollars or more

4    in improper revenue.

5              49.    *Common Questions Predominate*: Common questions of law and fact exist as to

6    all Members of the Class and predominate over any questions solely affecting individual

7    Members of the Class.  Among the common questions of law and fact applicable to the Class are:

8              i.    Whether Defendant's website, https://www.ae.com/, is inaccessible to the

9                    visually impaired who use screen reading software to access internet

10                   websites;

11             ii.   Whether Plaintiff and Class Members have been unable to access

12                   https://www.ae.com/ through the use of screen-reading software;

13             iii.  Whether the deficiencies in Defendant's website violate the Americans

14                   with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq*.;

15             iv.   Whether the deficiencies in Defendant's website violate the California

16                   Unruh Civil Rights Act, California Civil Code § 51 *et seq*.;

17             v.    Whether, and to what extent, injunctive relief should be imposed on

18                   Defendant to make https://www.ae.com/ readily accessible to and usable

19                   by visually impaired individuals;

20             vi.   Whether Plaintiff and Class Members are entitled to recover statutory

21                   damages with respect to Defendant's wrongful conduct; and

22             vii.  Whether further legal and/or equitable relief should be granted by the Court

23                   in this action.

24             50.    The class is readily definable, and prosecution of this action as a Class action will

25    reduce the possibility of repetitious litigation.  Plaintiff knows of no difficulty which will be

26    encountered in the management of this litigation which would preclude their maintenance of this

27    matter as a Class action.

28             51.    The prerequisites to maintaining a class action for injunctive relief or equitable

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1    relief pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds

2    generally applicable to the Class, thereby making appropriate final injunctive or equitable relief

3    with respect to the Class as a whole.

4         52.     The prerequisites to maintaining a class action for injunctive relief or equitable

5    relief pursuant to Rule 23(b)(3) are met, as questions of law or fact common to the Class

6    predominate over any questions affecting only individual Members; and a class action is superior

7    to other available methods for fairly and efficiently adjudicating the controversy.

8         53.     The prosecution of separate actions by Members of the Class would create a risk

9    of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.

10   Additionally, individual actions may be dispositive of the interest of all Members of the Class,

11   although certain Class Members are not parties to such actions.

12        54.     Defendant's conduct is generally applicable to the Class as a whole and Plaintiff

13   seeks, *inter alia*, equitable remedies with respect to the Class as a whole.  As such, Defendant's

14   systematic policies and practices make declaratory relief with respect to the Class as a whole

15   appropriate.

16   **COUNT I**

17   **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181**

18   ***ET SEQ.***

19   (On Behalf of Plaintiff, the Nationwide Class, and the California Class)

20        55.     Plaintiff alleges and incorporates herein by reference each and every allegation

21   contained in paragraphs 1 through 54, inclusive, of this Complaint as if set forth fully herein.

22        56.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12181 *et seq*., provides: "No

23   individual shall be discriminated against on the basis of disability in the full and equal enjoyment

24   of the goods, services, facilities, privileges, advantages, or accommodations of any place of public

25   accommodation by any person who owns, leases (or leases to), or operates a place of public

26   accommodation."  42 U.S.C. § 12182(a).

27        57.     Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also

28   includes, among other things: "a failure to make reasonable modifications in policies, practices,

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1    or procedures, when such modifications are necessary to afford such goods, services, facilities,

2    privileges, advantages, or accommodations to individuals with disabilities, unless the entity can

3    demonstrate that making such modifications would fundamentally alter the nature of such goods,

4    services, facilities, privileges, advantages or accommodations"; and "a failure to take such steps

5    as may be necessary to ensure that no individual with a disability is excluded, denied services,

6    segregated or otherwise treated differently than other individuals because of the absence of

7    auxiliary aids and services, unless the entity can demonstrate that taking such steps would

8    fundamentally alter the nature of the good, service, facility, privilege, advantage, or

9    accommodation being offered or would result in an undue burden."    42 U.S.C. §

10    12182(b)(2)(A)(ii)-(iii).  "A public accommodation shall take those steps that may be necessary

11    to ensure that no individual with a disability is excluded, denied services, segregated or otherwise

12    treated differently than other individuals because of the absence of auxiliary aids and services,

13    unless the public accommodation can demonstrate that taking those steps would fundamentally

14    alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being

15    offered or would result in an undue burden, i.e., significant difficulty or expense."  28 C.F.R. §

16    36.303(a).  In order to be effective, auxiliary aids and services must be provided in accessible

17    formats, in a timely manner, and in such a way as to protect the privacy and independence of the

18    individual with a disability."  28 C.F.R. § 36.303(c)(1)(ii).

19         58.    Defendant's locations are "public accommodations" within the meaning of 42

20    U.S.C. § 12181 *et seq*.  Defendant generates millions of dollars in revenue from the sale of its

21    amenities and services, privileges, advantages, and accommodations in California through its

22    locations, related services, privileges, advantages, and accommodations, and its website,

23    https://www.ae.com/, is a service, privilege, advantage, and accommodation provided by

24    Defendant that is inaccessible to customers who are visually-impaired like Plaintiff.  This

25    inaccessibility denies visually impaired customers full and equal enjoyment of and access to the

26    facilities and services, privileges, advantages, and accommodations that Defendant makes

27    available to the non-disabled public.  Defendant is violating the Americans with Disabilities Act,

28    42 U.S.C. § 12181 *et seq*., in that Defendant denies visually impaired customers the services,

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

privileges, advantages, and accommodations provided by https://www.ae.com/. These violations are ongoing.

59. Defendant's actions constitute intentional discrimination against Plaintiff and Class Members on the basis of a disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. in that: Defendant has constructed a website that is inaccessible to Plaintiff and Class Members; maintains the website in this inaccessible form; and has failed to take adequate actions to correct these barriers even after being notified of the discrimination that such barriers cause.

60. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

## COUNT II

## VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *ET SEQ.*

(On Behalf of Plaintiff and the California Class)

61. Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 60, inclusive, of this Complaint as if set forth fully herein.

62. Defendant's locations are "business establishments" within the meaning of the California Civil Code § 51 *et seq*. Defendant generates millions of dollars in revenue from the sale of its services in California through its locations and related services, and https://www.ae.com/ is a service provided by Defendant that is inaccessible to customers who are visually impaired like Plaintiff and Class Members. This inaccessibility denies visually impaired customers full and equal access to Defendant's facilities and services that Defendant makes available to the non-disabled public. Defendant is violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq*., in that Defendant is denying visually impaired customers the services provided by https://www.ae.com/. These violations are ongoing.

63. Defendant's actions constitute intentional discrimination against Plaintiff and Class Members on the basis of a disability in violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq*. in that: Defendant has constructed a website that is inaccessible to Plaintiff

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1  and Class Members; maintains the website in this inaccessible form; and has failed to take

2  adequate actions to correct these barriers even after being notified of the discrimination that such

3  barriers cause.

4        64.    Defendant is also violating the Unruh Civil Rights Act, California Civil Code § 51

5  *et seq.* in that the conduct alleged herein likewise constitutes a violation of various provisions of

6  the ADA, 42 U.S.C. § 12101 *et seq.*  Section 51(f) of the California Civil Code provides that a

7  violation of the right of any individual under the ADA shall also constitute a violation of the

8  Unruh Civil Rights Act.

9        65.    The actions of Defendant were and are in violation of the Unruh Civil Rights Act,

10  California Civil Code § 51 *et seq.*, and, therefore, Plaintiff and Class Members are entitled to

11  injunctive relief remedying the discrimination.

12        66.    Plaintiff and Class Members are also entitled to statutory minimum damages

13  pursuant to California Civil Code § 52 for each and every offense.

14        67.    Plaintiff and Class Members are also entitled to reasonable attorneys' fees and

15  costs.

16        68.    Plaintiff and Class Members are also entitled to a preliminary and permanent

17  injunction enjoining Defendant from violating the Unruh Civil Rights Act, California Civil Code

18  § 51 *et seq.*, and requiring Defendant to take the steps necessary to make https://www.ae.com/

19  readily accessible to and usable by visually impaired individuals.

20  **PRAYER FOR RELIEF**

21      WHEREFORE, Plaintiff, individually and on behalf of all Class Members, respectfully

22  requests that the Court enter judgment in her favor and against Defendant as follows:

23      A.    For an Order certifying the Nationwide Class and California Class as defined

24      herein and appointing Plaintiffs and her Counsel to represent the Nationwide Class

25      and the California Class;

26      B.    A preliminary and permanent injunction pursuant to 42 U.S.C. § 12188(a)(1) and

27      (2) and section 52.1 of the California Civil Code enjoining Defendant from

28      violating the Unruh Civil Rights Act and ADA and requiring Defendant to take

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

the steps necessary to make https://www.ae.com/ readily accessible to and usable by visually-impaired individuals;

C.     An award of statutory minimum damages of $4,000 per offense per person pursuant to section 52(a) of the California Civil Code.

D.     For attorneys' fees and expenses pursuant to California Civil Code §§ 52(a), 52.1(h), and 42 U.S.C. § 12205;

E.     For pre-judgment interest to the extent permitted by law;

F.     For costs of suit; and

G.     For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial for all claims so triable.

Dated: September 30, 2021                    Respectfully Submitted,

                                   */s/ Thiago M. Coelho*
                                   Thiago M. Coelho
                                   Binyamin I. Manoucheri
                                   **WILSHIRE LAW FIRM**
                                   *Attorneys for Plaintiff and*
                                   *Proposed Class*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

19

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL